IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSS THOMAS BRANTLEY, III, | § | |
| #1384596, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-1968-D-BK |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| RESPONDENT.[1] | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Ross Thomas Brantley's

pro se *Motion for Leave to File De Novo/En Banc Motion Rule 60(b)(4)* was referred to the

United States Magistrate Judge for case management, including the issuance of findings and a

recommended disposition where appropriate. Doc. 2. Upon review of the relevant pleadings and

applicable law, Brantley's Rule 60(b) motion, construed as seeking relief under 28 U.S.C. §

2254, should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### I.    BACKGROUND

In 2013, Brantley, a Texas state prisoner, was convicted of assault involving family

violence, enhanced for use of a deadly weapon, and was sentenced to six years' imprisonment.

*See State v. Brantley*, No. F13-00014-V (292nd Jud. Dist. Ct., Dallas Cnty., Tex. 2013), *aff'd*,

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of petitioner. Because Petitioner challenges a conviction that has resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him. The TDCJ-CID Director is therefore substituted as respondent in this case. Petitioner may object to this substitution within 14 days after being served with a copy of this recommendation. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b).

No. 05-13-00225-CR, 2014 WL 545514 (Tex. App. – Dallas Feb. 10, 2014, no pet.). Brantley unsuccessfully challenged his conviction in state and federal habeas proceedings. *Brantley v. Stephens*, No. 3:14-CV-2738-P-BN, 2015 WL 8467346 (N.D. Tex. Oct. 27, 2015), *R. & R. accepted*, 2015 WL 8320201 (N.D. Tex. Dec. 9, 2015). (N.D. Tex. 2015) (denying habeas relief), *certificate of appealability denied*, No. 15-11296 (5th Cir. Mar. 3, 2017). He also sought to file successive habeas petitions in this Court, which were subsequently transferred to the appellate court. *Brantley v. Davis*, No. 3:17-cv-00003-S-BT, 2018 WL 3432822, at *1 (N.D. Tex. June 4, 2018), *R. & R. accepted*, 2018 WL 3428707 (N.D. Tex. July 16, 2018); *Brantley v. Tarrant Cty. Justice Center*, No. 3:18-CV-00810-L-BN, 2018 WL 3626356, at *1 (N.D. Tex. Apr. 4, 2018), *R. & R. accepted*, 2018 WL 3618025 (N.D. Tex. 2018); *Brantley v. Davis*, No. 3:20-cv-01658-S-BT (N.D. Tex. June 22, 2020). The Court of Appeals for the Fifth Circuit has previously denied Brantley leave to file a successive application. *In re Ross*, No. 20-10646 (5th Cir. April 6, 2021) (per curiam).[2]

In the Rule 60(b) motion *sub judice*, Brantley renews his attack on his assault family violence conviction. Doc. 2 at 1-5. In essence, he seeks exculpatory evidence, reversal of his conviction, and habeas corpus relief.

Having reviewed the pleadings, the Court now concludes that Brantley's claims are not cognizable under Rule 60(b) and, construing his motion as seeking relief under 28 U.S.C. § 2254, the Court lacks jurisdiction to consider it because he is not presently in custody and has

---

[2] Due to his repetitive filings, the Texas Court of Criminal Appeals also barred Brantley from filing "any future application pertaining to this conviction unless [he] is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus." *See Ex parte Brantley*, WR-77,234-27, 2019 WL 4316708, at *1 (Tex. Crim. App. Sep. 11, 2019) (per curiam).

again failed to seek authorization to file a successive application challenging his convictions. Thus, the construed petition should be dismissed.[3]

## II.    ANALYSIS

The Court lacks jurisdiction to entertain Brantley's Rule 60(b) motion as a request to vacate the underlying state court conviction and sentence. Brantley fails to identify any statutory authority for vacating his state conviction apart from his brief reference to "habeas corpus relief." Doc. 2 at 4. Thus, his motion should be construed as seeking relief under 28 U.S.C. § 2254, which is reserved for habeas applications on "behalf of a person in custody pursuant to the judgment of a State court." *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (concluding that § 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments" (citing *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)).

That notwithstanding, Brantley is not currently in custody pursuant to the judgment of the state court in Case No. F13-00014-V. The Court takes judicial notice that he previously conceded that his sentence in that case had expired. *See Brantley v. United States*, No. 3:20-CV-68-G-BK, 2020 WL 1237404, at *2 (N.D. Tex. Feb. 21, 2020), *R. & R. adopted*, 2020 WL 1236558 (N.D. Tex. Mar. 13, 2020) (dismissing § 2254 petition because Brantley was no longer in custody based on Case No. F13-00014-V).[4] Thus, this Court lacks jurisdiction to consider his construed habeas petition. *See* 28 U.S.C. § 2254(a) (federal courts have jurisdiction to consider a

---

[3] Brantley did not submit a motion to proceed *in forma pauperis* or pay the filing fee. However, it is more efficient to dismiss the petition than to require compliance with this Court's filing requirements.

[4] Brantley is presently incarcerated serving life sentences from Tarrant County. *Brantley v. State*, No. 02-19-00349-CR, 2021 WL 3679239, at *1 (Tex. App.—Fort Worth Aug. 19, 2021, no pet. h.) (affirming trial court's judgment). TDCJ-CID online records are available at the following link: https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=06376484 (last accessed on Aug. 25, 2021).

writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States") (emphasis added); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Further, even assuming Brantley can satisfy the "in custody" requirement, he cannot overcome the bar on successive habeas petitions. 28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Brantley must obtain such an order before he can file a successive application challenging his conviction. Because Brantley previously filed successive § 2254 petitions, dismissal without prejudice for want of jurisdiction—as opposed to transfer—seems appropriate. *See In re Epps*, 127 F.3d 364, 365 (5th

Cir. 1997) (per curiam) (addressing transferred application); *Crone*, 324 F.3d at 838 (remanding successive application with instructions to dismiss).

### III.    RECOMMENDATION

For the foregoing reasons, Brantley's Rule 60(b) motion, construed to seek relief under §

2254, should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on September 20, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).